```
                                                          U.S. BANKRUPTCY COURT
                                                          SOUTHERN DISTRICT OF MISSISSIPPI
                                                                      FILED
         IN THE UNITED STATES BANKRUPTCY COURT              OCT - 7 2025
             SOUTHERN DISTRICT OF MISSISSIPPI
                                                          DANNY L. MILLER, CLERK
                                                       BY      SW          DEPUTY CLERK
```

| | | |
|---|---|---|
| IN RE: GENE ROSS CLARDY, | } | Chapter 13 |
| Debtor | } } } | Case No. 25-50962-KMS |
| MARGAUERITE COLEY and KIMBERLY GUY, VS. | } } } } | AP No. _____ |
| GENE ROSS CLARDY | } } } | |
| Defendant | } | |

## COMPLAINT

COMES NOW Marguerite Coley and Kimberly Guy ("Plaintiffs"), by and through undersigned counsel, and files this adversary proceeding complaint against Gene Ross Clardy ("Defendant") to determine the defendant's debt to the plaintiff to be non-dischargeable and for other relief. In support hereof the plaintiff would show unto the Court as follows:

### I. Jurisdiction

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334; and 11 U.S.C. §105 and 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

### II. Parties

2. The plaintiffs are adult resident citizen of the state of Mississippi, and have a suit pending in Pearl River County, Mississippi, which will result in a judgment in Cause No. 24-CV-0244 which is a complaint for specific performance, fraud, unjust enrichment and conversion; that no Judgment has been rendered yet, but the Plaintiffs ask that the Automatic stay be lifted for the limited purpose of allowing the suit to move forward to a final judgment; that, should a judgment in favor of the Plaintiffs be rendered, they would then request that the automatic stay be lifted for all purposes.

3. The defendant is an adult resident citizen of Pearl River County, Mississippi, residing at 64A Roy Road, Lumberton, MS 39455-0000. He is the debtor in a Chapter 13 case presently pending in this Court: In Re: Gene Ross Clardy, Cause No. 25-50962-KMS. Pursuant to Fed. R. Bankr. P. 7004(a)(8) he may be served with process of this Court by first class mail at the address listed in the petition.`

### III. Factual Background

4. The plaintiffs and the defendant entered into a contract for the sale and purchase of land in Pearl River County, Mississippi; That Marguerite Coley paid $4,000.00 Cash for one acre of land and her daughter, Kimberly Guy, bought an additional two acres of land, all from Gene Ross Clardy; That Kimberly Guy has hand cleared a good portion of the land using only ancient tools; she has lived on the land without electricity, heat, air conditioning and water for several months. Neither Ms. Coley nor Ms Guy has been able to get electric service to the land in that they do not have a deed after numerous requests. Kimberly Guy has now paid $4,000.00 to her mother for the acre her mother purchased and she has never received a deed for any of the land. Additionally, Gene Ross Clardy deeded 15 acres, more or less, to Charles L. Strickland and his wife Lana Strickland. At that point, Ms Coley and Ms Guy could have been deeded 3 acres, and the Stricklands could have received their 15 acres, More or Less (14.89 acres) out of the 17.89 acre plat that was in Clardy's name. However, Gene Ross Clardy, The Defendant herein, then deeded another one Acre to one Mario Daniel Bowden; then he allegedly sold three acres more to the Stricklands, out of the same plat but the Stricklands have not received a deed for the later thee acres of land. He has now sold some 22 acres out of 17.89 acres.

5. The plaintiffs from time to time inquired of the defendant about the deeds to the land, but they never received one. He also sought to evict Ms. Coley and Ms Guy from the land by a suit in

the Pearl River County Justice Court after the entire $12,500.00 was fully paid; that suit failed. The plaintiffs each paid the sum of $250.00 for a total of $500.00 for a lawyer to prepare the deeds to the land; it appears that no lawyer was retained. that brought the amounts paid for the land to the $12,500.00 amount. Now, the Defendant seeks to discharge all liability in The United States Bankruptcy Court for the Southern District of Mississippi. The Plaintiffs seek punitive damages in the state court action.

6. The plaintiffs filed a complaint against the defendant in the Pearl River County Chancery Court on June 26, 2024, being cause number 24-cv-244-S (Exhibit 1 attached hereto) That suit is still pending; that the plaintiffs will move to amend their state court suit in that it appears they cannot be made whole in any way other than by Punitive damages; the suit has not been amended as of this date. The original complaint sought relief through specific performance; they also alleged fraud, unjust enrichment and conversion all for breach of not issuing deeds, breach of the duty of good faith and fair dealing. the actions of the Defendant amounts to negligence, gross negligence, malice punitive damages and attorney fees; the plaintiffs also seek pre- judgment and post-judgment interest at the legal rate.. The amended complaint is being drafted in such a way as to give the plaintiffs the best opportunity to recover civilly. If Clardy is jailed, the plaintiffs gain nothing.

7. The Chancery Court ordered the joinder of The Stricklands and Mr. Bowden in order to be able to provide complete relief in the State Court proceedings.

8. The plaintiffs truly trust a complete relief can be carved out in the state court suit. However, that cannot occur unless the automatic stay is lifted as to the State Court continuing to judgment wherein we will show whether the debt is dis-chargeable or not.

9. On or about July15, 2025 , the plaintiff filed for bankruptcy protection under Chapter 13. That case is presently pending in this Court in case number 25-50962-KMS.

## IV. Causes of Action
### A. First Cause of Action: 11 U.S.C. §523(a)(2)(A)

14. The defendant's actions and conduct are anticipated to extend to false pretenses fraud (The Pearl River County Sheriffs office investigated prior to the filing of the complaint and found that the actions of the Defendant, Gene Ross Clardy, constituted fraud They found misdemeanor fraud, but the sum of over $12,500.00 would be felony fraud); that, the conduct of the defendant amounts to the obtaining of money, property, services or an extension of credit by false pretenses, false representations, and actual fraud, within the meaning of 11 U.S.C. §523(a)(2)(A). As such, the defendant's debt to the plaintiff should be held by this Court to be non-dischargeable.

### B. Second Cause of Action: 11 U.S.C. § 523(a)(4)

15. The defendant's actions and conduct as set forth in the findings and holdings of the Chancery Court, are conduct amounting to fraud and defalcation inthat the defendant took on the role of fiduciary if no other theories maked the Plaintiffs whole. that the actions of the defendant amounts to embezzlement and larceny, within the meaning of 11 U.S.C. § 523(a)(4). As such, the defendant's debt to the plaintiff should be held by this Court to be non-dischargeable.

### C. Third Cause of Action: 11 U.S.C. § 523(a)(6)

16. The defendant's actions and conduct should result in a finding of willful and malicious injury by the debtor to another person and to the property of another, within the meaning of 11 U.S.C. § 523(a)(6). As such, the defendant's debt to the plaintiff should be held by this Court to be non-dischargeable.

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that this complaint will be received and filed and that the Court will:

A. lift the Automatic stay to allow the State Court action continue; that Plaintiffs request that this Court should Enter the State Courts judgment as a debt that is non=dischargeable for the debt

owed to your plaintiffs; that this Court is requested to enter the State Courts Judgment in this matter at the conclusion of the Trial and show that the defendant's indebtedness to the plaintiff, if any, plus interest at the rate of 8%, constitutes a non-dischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4), and/or 11 U.S.C. § 523(a)(6), all if the State Court finds for the Plaintiffs.

B. Grant the plaintiffs such other and further relief as may be just and equitable in these premises.

Respectfully submitted, this 8th day of October, 2025.

**Marguerite Coley and Kimberly Guy**

By:_____
Barron Mcswain MSB # 2812
Attorney for the Plaintiff
533 Old Richton Rd.
Petal, MS  39465
Tel. 601-544-2131
E. barronmcswain@att.net